UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICIO MINO and FILADELFIA ALMONTE, individually and on behalf of all others similarly situated, | Index No.: 25-cv-3138 |
| Plaintiffs, | **FLSA COLLECTIVE** |
| - against - | **ACTION** |
| 1686 CENTRAL PARK AVENUE CORPORATION and ANDREAS SOFOCLI a/k/a Andrew | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs MAURICIO MINO and FILADELFIA ALMONTE ("Plaintiffs") by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs demand a jury trial on all issues that may be tried by a jury.

3. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

1

4. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, unpaid overtime, retained gratuities, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## **JURISDICTION AND VENUE**

6. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

9. Plaintiff MAURICIO MINO ("Plaintiff MINO") was employed by Defendants as a delivery worker, as described herein, beginning from on or around April 2016 until November 13, 2024.

10. Plaintiff FILADELFIA ALMONTE ("Plaintiff ALMONTE") was employed by Defendants as a delivery worker as described herein, beginning from in or around April 2016 until the present.

11. Defendant 1686 CENTRAL PARK AVENUE CORPORATION ("Defendant CENTRAL PARK AVE DINER") is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 1686 Central Park Ave Yonkers, NY 10710.

12. Defendant 1686 CENTRAL PARK AVENUE CORPORATION is a closely held corporation owned and controlled by the individual defendants herein.

13. Defendant ANDREAS SOFOCLI a/k/a Andrew ("Defendant ANDREAS SOFOCLI") is an owner, chairman/chief executive officer, manager and/or operator of Defendant CENTRAL PARK AVE DINER.

14. Defendant ANDREAS SOFOCLI has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

15. Defendant ANDREAS SOFOCLI had the power to enter into executory contracts on behalf of the business including but not limited to the lease.

16. Defendant ANDREAS SOFOCLI had the power to hire and fire employees at CENTRAL PARK AVE DINER, including Plaintiff.

17. Defendant ANDREAS SOFOCLI had the final word with Defendant DINO DOE on all business decisions at CENTRAL PARK AVE DINER including which contracts to enter into on behalf of the business.

18. Defendant ANDREAS SOFOCLI directed Plaintiffs and the management in place at CENTRAL PARK AVE DINER on a regular basis and monitored operations.

19. Defendant ANDREAS SOFOCLI reviewed and controlled the financial records at CENTRAL PARK AVE DINER including payroll records and documents recording Plaintiffs' wages and hours worked.

20. Defendant ANDREAS SOFOCLI implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiffs' pay in an effort to thwart Plaintiffs from vindicating their rights under federal and state labor laws.

21. Defendant ANDREAS SOFOCLI actively hired and fired employees including but not limited to Plaintiff MINO.

22. Defendant ANDREAS SOFOCLI actively and directly set employees rates of pay and their schedules.

23. Defendant ANDREAS SOFOCLI implemented and benefitted from the unlawful pay practices imposed upon Plaintiffs as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiffs' pay in an effort to thwart Plaintiffs from vindicating their rights under federal and state labor laws.

24. Defendants willfully and maliciously directed their managers to pay substandard wages and to create false misleading time and pay records.

25. Defendants CENTRAL PARK AVE DINER and ANDREAS SOFOCLI are herein collectively referred to as "Defendants".

26. Defendants had an annual gross volume sales of not less than $500,000 in each of the last three calendar years.

27. Defendants at all times had more than eleven (11) employees.

28. Plaintiffs and other similarly situated employees and/or the Defendants enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at both CENTRAL PARK AVE DINER, such as fish, vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

29. At all relevant times, Defendants have been, and continue to be an "employer" and enterprise engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Collective members.

## FACTUAL ALLEGATIONS

30. Defendants operate a restaurant that serves cold and prepared foods for public consumption on premises and for delivery.

31. At all times relevant hereto, Defendants employed Plaintiffs and the FLSA Collective Plaintiffs and the Collective members as non-exempt employees including delivery workers, cooks, porters and general laborers.

32. Between 2016 and March 2020, Defendants assigned Plaintiff MINO to work, and Plaintiff MINO did work, typically between five (5) to six (6) days per week at the following typical schedule:

Mondays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

Tuesdays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

Wednesdays: Typical Day Off

Thursdays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

Fridays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

Saturdays: 9:00 A.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

Sundays: 9:00 AM. until 3:00 P.M. or 8:00 A.M. to 3:00 P.M.

33. Between March 2020 and July 2020, Defendants assigned Plaintiff MINO to work, and Plaintiff MINO did work, typically between five (5) to six (6) days per week at the following typical schedule:

Mondays: 9:00 A.M. until 8:30 P.M.

Tuesdays: 9:00 A.M. until 8:30 P.M.

Wednesdays: Typical Day Off

Thursdays: 9:00 A.M. until 8:30 P.M.

Fridays: 9:00 A.M. until 8:30 P.M.

Saturdays: 9:00 A.M. until 8:30 P.M.

Sundays: 9:00 A.M. until 8:30 P.M.

34. From August 2020 until November 2020, Defendants assigned Plaintiff MINO to work, and Plaintiff MINO did work, typically between three (3) to four (4) days per week from 3:00 P.M. until 8:30 P.M.

35. From December 2020 until November 2024, Defendants assigned Plaintiff MINO to work, and Plaintiff MINO did work, typically between three (3) to four (4) days per week from 3:00 P.M. until 8:30 P.M.

36. There above is a typical schedule range and there were periods of time when Plaintiff worked even more or less hours per week.

37. From April 2016 until March 2020, Defendants assigned Plaintiff ALMONTE to work, and Plaintiff ALMONTE worked, typically six (6) days per week at the following typical schedule:

    Mondays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

    Tuesdays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

    Wednesdays: Typical Day Off

    Thursdays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

    Fridays: 3:00 P.M. until 8:30 P.M. or 8:00 A.M. to 3:00 P.M.

    Saturdays: 9:00 A.M. until 8:30 P.M.

    Sundays: 9:00 AM. until 8:30 P.M.

38. Plaintiff ALMONTE did not work for the Defendants from approximately the end of March 2020 until August 2020.

39. Between August 2020 and the present, Defendants assigned Plaintiff ALMONTE to work, and Plaintiff ALMONTE did work, typically six (6) days per week at the following typical schedule:

7

Mondays: 3:00 A.M. until 9:00 P.M.

Tuesdays: 3:00 A.M. until 9:00 P.M.

Wednesdays: Typical Day Off

Thursdays: 3:00 A.M. until 9:00 P.M.

Fridays: 3:00 A.M. until 9:00 P.M.

Saturdays: 9:00 A.M. until 9:00 P.M.

Sundays: 9:00 A.M. until 3:00 P.M.

40. Defendants paid Plaintiffs and other similarly situated employees, including class and collective members, sub-minimum rates without a premium for their overtime hours.

41. Defendants paid Plaintiff MINO a straight time hourly rate of $5.00 per hour without a premium for overtime hours.

42. Defendants paid Plaintiff ALMONTE a straight time hourly rate of $5.00 per hour without a premium for overtime hours.

43. Defendants at times made inappropriate deductions from Plaintiffs pay and the pay of other similarly situated employees, sometimes referring to the deductions as 'Taxes' without making proper withholdings or reporting.

44. Plaintiffs, the FLSA Collective Plaintiffs regularly worked in excess of a 40 hour work week.

45. Defendants paid Plaintiffs, the FLSA Collective Plaintiffs members at subminimum rates without a premium for overtime hours.

46. Defendants failed to provide written notice or other proper notice to Plaintiffs and collective members regarding the tip credit pursuant to the NYLL and FLSA.

47. Defendants regularly made deductions from Plaintiffs pay that were improper and without merit.

48. Defendants failed to give written notice or any proper notice that the Defendants intended to diminish Plaintiff's wages based on their receipt of tips.

49. Defendants routinely required Plaintiffs and collective members to spend more than 20% of their shift time or two hours within a day, performing non-tipped duties such as cleaning, cashier duties, and more

50. Defendants regularly compelled Plaintiffs and collective members to utilize their own cars for deliveries without compensation.

51. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Collective members an overtime premium for all hours worked in excess of 40.

52. Thus, Plaintiffs and the FLSA Collective Plaintiffs were not compensated for all of the time spent working after their shift end time.

53. Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Collective members with an accurate statement of wages.

54. Plaintiffs and other similarly situated employees were damaged by the Defendants failure to keep accurate records of their time and pay because the Plaintiffs were prevented from precisely monitoring their hours worked relative to their pay received, and, inter alia, the Defendants' improper record keeping compromised their ability to document their income and employment history.

55. Defendants failed to provide Plaintiffs and the Collective members with the notices required by NYLL §195(1).

56. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

57. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

58. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

## NOTICE PURSUANT TO

## N.Y. BUSINESS CORPORATION LAW §§ 624 & 630

59. Plaintiff hereby demands, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendant 1686 CENTRAL PARK AVENUE CORPORATION books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

60. Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendant 1686 CENTRAL PARK AVENUE CORPORATION with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

## **COLLECTIVE ACTION ALLEGATIONS**

61. Plaintiffs seeks certification of this action as a collective action on behalf

of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

62. Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

63. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt delivery workers, cooks, porters and general laborers and clerks employed by Defendants in New York on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

64. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

65. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

67. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

68. Other non-exempt employees including clerks and other delivery workers, cooks, porters and general laborers should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including delivery workers, cooks, porters and general laborers and clerks to receive notice of the action and allow them to opt in to such an action if they so choose.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

69. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

70. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

71. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

72. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

73. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Collective members)**

74. Plaintiffs, on behalf of themselves and the Collective members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

75. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

76. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Collective members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

77. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Collective members have sustained damages, including loss of earnings, in an amount to be established at trial.

78. Plaintiffs and the Collective members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

79. Plaintiffs, on behalf of themselves and the Collective members, reallege and

incorporate by reference all previous paragraphs as if they were set forth again herein

80. Plaintiff (and the FLSA Collective members) was a non-exempt employee of the Defendants' as understood by the FLSA at all relevant times.

81. At all relevant times, Plaintiff (and the FLSA Collective members) was paid below the controlling minimum wage required by state and federal law.

82. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

83. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff (and the FLSA Collective members) is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wages (State)*

84. Plaintiffs, on behalf of themselves and the Collective members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

85. Plaintiff (and the FLSA Collective members) was a non-exempt employee of the Defendants' as understood by the NYSLL at all relevant times.

86. At all relevant times, Plaintiff (and the FLSA Collective members) was paid below the controlling minimum wage required by New York State law.

87. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

88. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiff (and the FLSA Collective members) is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE REQUIREMENT OF THE NEW YORK LABOR LAW

89. Plaintiffs, on behalf of themselves and the Collective members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

90. Defendants failed to provide Plaintiffs and the Collective members with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing them to suffer the prolonged underpayment of wages by the Defendants.

92. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiffs' ability to document their income and employment history.

93. Plaintiffs and the Collective members were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

94. Plaintiffs, on behalf of themselves and the Collective members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

95. With each payment of wages, Defendants failed to provide Plaintiffs and the Collective members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing them to suffer the prolonged underpayment of wages by the Defendants.

97. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiffs' ability to document their income and employment history.

98. Plaintiffs and the Collective members were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

99. Plaintiffs, on behalf of themselves and the Collective members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

100. Defendants failed to pay Plaintiffs and the Collective members one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101. Defendant's failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

102. Plaintiffs and the Collective members were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA collective members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA collective members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA collective members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA collective members;

(f)     Awarding Plaintiffs and the FLSA collective members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiffs and the FLSA collective members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA Collective members', compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA Collective members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Collective members;

(m) Awarding Plaintiffs and the FLSA collective members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiffs and the FLSA collective members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiffs and the FLSA collective members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiffs and the FLSA collective members the expenses incurred in this action, including costs and attorneys' fees;

(r) Enjoining Defendants from further violations of the NYLL and FLSA;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: April 15, 2025

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

*/s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiffs, Proposed Collective Action Plaintiffs and Proposed Collective members.*